IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| RON GLICK, | CV 09-52-M-DWM-JCL |
| Plaintiff, | ORDER, and FINDINGS AND |
| vs. | RECOMMENDATION |
| | OF U.S. MAGISTRATE JUDGE |
| MARA PELTON, aka MARA NEZATSKI, TIM HARRIS, RAY EVERT, EARL EVERT, aka ESTATE OF EARL EVERT, and DOES ONE THROUGH FIVE, | |
| Defendants. | |

_____

## I.  INTRODUCTION AND *IN FORMA PAUPERIS* APPLICATION

Plaintiff Ron Glick has filed a Complaint together with a request to proceed *in forma pauperis*. Glick submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears Glick lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that his Motion to Proceed In Forma Pauperis is **GRANTED**. This action may proceed without prepayment of

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 1

the filing fee, and the Clerk of Court is directed to file the Complaint as of the filing date of Glick's request to proceed *in forma pauperis*.

The federal statute under which leave to proceed in forma pauperis is permitted also requires the Court to conduct a preliminary screening of the allegations set forth in the Complaint. The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Accordingly, the Court will review Glick's Complaint to consider whether it can survive dismissal under these provisions. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. PLAINTIFF'S ALLEGATIONS

Glick filed a "Motion to Remove State Cause to US District Court". In conjunction with his motion Glick filed a copy of his complaint that he filed in the

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 2

Montana Seventh Judicial District Court, Dawson County, in July 2007, and he filed a copy of his July 30, 2007 declaration that he filed in support of his complaint.

Glick's complaint stems from the events surrounding the dissolution of his business. Glick asserts that in April 2002, he entered into a business partnership with Defendant Mara Pelton in connection with their efforts in running a nonprofit program. In February 2004 Glick was arrested, convicted of a crime, and incarcerated for several years. Glick alleges that while he was incarcerated, Pelton undertook to dissolve the business partnership and distribute the assets of the parties' business partnership and of the nonprofit program. Each of the other named Defendants allegedly played roles in the disposition of the partnership and nonprofit assets. Glick claims he attempted to recover the assets, but was unable to do so.

As plead, Glick's legal claims arise from the dissolution of his partnership and the distribution of the assets. His theories of recovery include breach of contract, conversion or theft, and fraud. For his relief Glick requests over $800,000 in compensatory and punitive damages.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 3

Glick's "Motion to Remove State Cause to US District Court" provides background information explaining why he is filing this matter in federal court. In 2003 Glick filed a civil complaint in the Montana Eleventh Judicial District Court, Flathead County on an unrelated matter. Glick believes the district court staff and county personnel interfered with, and obstructed his prosecution of that case. Defendants named in this action and in the action Glick filed in the Montana Seventh Judicial District Court, Dawson County successfully moved for change of venue for the Dawson County action to the Montana Eleventh Judicial District Court, Flathead County. Based on his history with his prior Flathead County action, Glick believes the district court staff in Flathead County will interfere with his prosecution of this case now that it has been transferred to Flathead County. Therefore, he wants his case filed in federal court.

## III. DISCUSSION

Because Glick is proceeding *pro se* the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

As a preliminary matter, the Court notes that Glick, as a plaintiff in this case, cannot "remove" to federal court an action that he filed in state court. The removal statutes at 28 U.S.C. §§ 1441 and 1446 only permit a defendant to remove a state court action to federal court. Therefore, the Court will treat Glick's Complaint as an original filing with this Court, not as a removal from state court.

Glick's Complaint, however, must set forth sufficient allegations to invoke the jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1).

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff bears the burden of proof for establishing jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). A district court may dismiss an action sua sponte whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 5

9 (9th Cir. 1983).  The federal courts are obligated to independently examine their own jurisdiction.  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

A federal court's jurisdiction is generally limited to cases involving diversity of citizenship, 28 U.S.C. § 1332, a federal question, 28 U.S.C. § 1331, or cases in which the United States is a party, 28 U.S.C. §§ 1345 and 1346.  Sections 1345 and 1346 are not applicable in this case because the United States is not a party to this action.

The Court finds there is no basis for federal question jurisdiction over this case under 28 U.S.C. § 1331.  Glick's Complaint does not plead any cause of action arising under the United States Constitution, or the laws or treaties of the United States as required for jurisdiction under § 1331.  All of Glick's claims - breach of contract, theft, and fraud - arise under Montana law.  Thus, there is no basis for federal question jurisdiction over this action.

The final alternative basis for jurisdiction over Glick's claims lies in the diversity jurisdiction statute at 28 U.S.C. § 1332(a).  Diversity jurisdiction under § 1332(a), however, requires complete diversity of citizenship between the plaintiff and each of the defendants.  *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. V. Allapattah Services, Inc.*, 545 U.S.

546, 553 (2005). Each plaintiff must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001).

Diversity of citizenship is lacking on the face of Glick's Complaint. Glick presently resides in Kalispell, Montana, and his Complaint alleges that each of the Defendants are also residents of Kalispell, Montana. Therefore, the existence of non-diverse citizenship in this case defeats diversity jurisdiction.

Glick's Complaint does not provide any other basis for federal jurisdiction over this action. Therefore, based on the foregoing, the Court hereby enters the following:

## RECOMMENDATION

Glick's Complaint should be **DISMISSED** for lack of jurisdiction.

DATED this 15th day of April, 2009.

      /s/ Jeremiah C. Lynch
      Jeremiah C. Lynch
      United States Magistrate Judge

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 7